# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00717-CV

### In re Irwin Pentland

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

Relator Irwin Pentland, an indigent inmate appearing pro se, has filed a petition for writ of mandamus seeking to have this Court order the Travis County district courts to "give consideration to his properly made pleadings and to do so timely." Relator did not file a record with his petition, or with his prior petition of which he requests we take judicial notice, but instead filed an appendix with each petition. *Cf.* Tex. R. App. P. 52.7 (requiring relator to file record and listing its required contents); *see also id.* R. 52.3(k) (requiring relator to include appendix with petition and listing its required contents). Because relator attempts to use the appendix as a mechanism for attaching what should be included in the mandamus record, he must comply with Texas Rule of Appellate Procedure 52.7(a)(1). *See id.* R. 52.7(a)(1), (2) (requiring relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript" of relevant testimony and exhibits from underlying proceeding or "a statement that no testimony was adduced in connection with the matter complained"); *In re Tidwell*, No. 06-21-00117-CV, 2022 WL 163815, at *1 (Tex. App.—Texarkana Jan. 19, 2022, orig. proceeding) (mem. op.).

Because the record in a mandamus proceeding is assembled by the parties, we must strictly enforce the authentication requirements of Rule 52 to ensure the integrity of the mandamus record. *See Tidwell*, 2022 WL 163815, at *1; *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1–2 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.). While some of the documents in relator's appendix are file-stamped, the September 17, 2022 letter on which he relies for relief—which letter requests a hearing on his enforcement action and the issuance of a subpoena in support of the enforcement hearing—is not file-stamped, certified, or sworn. Additionally, relator has neither filed a properly authenticated hearing transcript nor represented that no relevant testimony was adduced in connection with this matter. Relator has thus not filed a record in compliance with Rule 52.7. *See* Tex. R. App. P. 52.7(a). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at *1 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (mem. op.). Because relator did not comply with the Texas Rules of Appellate Procedure in the ways noted above, we deny the petition for a writ of mandamus without prejudice to his refiling a petition in compliance with the applicable rules. Tex. R. App. P. 52.7(a)(1), 52.8(a).

_____

Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Smith

Filed: January 19, 2023

2